# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

*In re* **A.H.**

**No. 22-0148** (Kanawha County 21-JA-48)

## MEMORANDUM DECISION

Petitioner Mother K.C., by counsel Sandra K. Bullman, appeals the Circuit Court of Kanawha County's January 25, 2022, order terminating her parental rights to A.H.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Patrick Morrisey and Mindy Parsley, filed a response in support of the circuit court's order. The guardian ad litem, Jennifer Anderson, filed a response on behalf of the child also in support of the circuit court's order.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the governing law, the briefs, and the record presented, the Court finds that the circuit court failed to enter an order adjudicating petitioner, thereby rendering the termination of petitioner's parental rights erroneous. This case satisfies the "limited circumstances" requirement of Rule 21(d) of the West Virginia Rules of Appellate Procedure, and a memorandum decision is appropriate to vacate and remand for further proceedings consistent with this decision.

In February of 2021, the DHHR filed a child abuse and neglect petition against petitioner based upon allegations of her substance abuse and that she failed to protect A.H. from the father's sexual abuse. The court held the preliminary hearing in February of 2021, during which the court ordered that petitioner participate in services such as random drug screening, supervised visitation with the child, and parenting and adult life skills sessions. Petitioner waived the preliminary hearing.

According to the parties, in April of 2021, the circuit court held an adjudicatory hearing. According to petitioner, she stipulated to the allegations in the petition, the court adjudicated her

---

[1] Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W. Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W. Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W. Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W. Va. 641, 398 S.E.2d 123 (1990).

as an abusing parent, and granted her a post-adjudicatory improvement period. Petitioner asserts the circuit court did not enter an adjudicatory hearing order, and the DHHR concedes that this order was not entered. Notably, respondents did not supplement the record with an adjudicatory order nor a transcript from any adjudicatory hearing.

At a review hearing held in September of 2021, the circuit court terminated petitioner's improvement period upon the DHHR's evidence that she tested positive for various illicit drugs. The circuit court held the final dispositional hearings in December of 2021 and January of 2022, during which the DHHR and guardian recommended termination of petitioner's parental rights based upon her continued drug use.[2] By order entered on January 25, 2022, the circuit court terminated petitioner's parental rights. The order, a form filled in by hand, contained no findings of fact in support of disposition. However, the form indicated, via checked boxes, that the circuit court found that there was no reasonable likelihood that petitioner could correct the conditions of abuse and neglect in the near future and that termination was necessary for the child's welfare. Petitioner now appeals the dispositional order terminating her parental rights.[3]

The Court has previously established the following standard of review in cases such as this:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011).

Upon our review, we find that it is unnecessary to address petitioner's specific assignments of error because the record is clear that the circuit court failed to enter an order adjudicating petitioner of abuse and/or neglect and the record on appeal has no adjudicatory hearing transcript to prove that any specific findings concerning petitioner's adjudication were made on the record. In similar circumstances, this Court has recognized plain error upon deficiencies in abuse and neglect proceedings. *See In re Lilith H.*, 231 W. Va. 170, 180, 744 S.E.2d 280, 290 (2013) ("[T]his Court takes notice of the plain error permeating the disposition wherein the circuit court terminated

---

[2]According to the dispositional hearing transcript, the court noted several missing orders in the case's file and specifically noted that there was no adjudicatory order entered.

[3]The father voluntarily relinquished his parental rights. The permanency plan for the child is adoption in the current placement.

the parental rights on the basis of allegations and issues which were never properly made subject of the adjudication."). In *Lilith H.*, the court noted that "[i]t is within the authority of this Court to 'sua sponte, in the interest of justice, notice plain error.'" *Id.* (*quoting Cartwright v. McComas*, 223 W. Va. 161, 164, 672 S.E.2d 297, 300 (2008)). Having recognized that it was appropriate to notice the lower court's plain error, we went on to explain that

> [w]here it appears from the record that the process established by the Rules of Procedure for Child Abuse and Neglect Proceedings and related statutes for the disposition of cases involving children adjudicated to be abused or neglected has been substantially disregarded or frustrated, the . . . case [will be] remanded for compliance with that process[.]

*Id.* (*quoting* Syl. Pt. 5, in part, *In re Edward B.*, 210 W. Va. 621, 558 S.E.2d 620 (2001)). As more fully explained below, we conclude that the court's failure to enter an order adjudicating petitioner of either abuse and/or neglect constitutes a similar frustration or disregard of the clear language of the relevant rules and statutes such that vacation of the order on appeal is necessary.

> As we have long held,
>
> "before a court can begin to make any of the dispositional alternatives under W.Va. Code [§ 49-4-604], it must hold a hearing under W.Va. Code [§ 49-4-601], and determine 'whether such child is abused or neglected.' Such a finding is a prerequisite to further continuation of the case." Syllabus Point 1, *State v. T.C.*, 172 W. Va. 47, 303 S.E.2d 685 (1983).

Syl. Pt. 3, in part, *In re A.P.-1*, 241 W. Va. 688, 827 S.E.2d 830 (2019). Additionally, West Virginia Code § 49-4-601 sets forth the following:

> At the conclusion of the adjudicatory hearing, the court shall make a determination based upon the evidence and *shall make findings of fact* and conclusions of law as to whether the child is abused or neglected and whether the respondent is abusing, neglecting, or, if applicable, a battered parent, *all of which shall be incorporated into the order of the court*.

(Emphasis added). As set forth above, the court did not enter an adjudicatory order and no transcript of an adjudicatory hearing was supplemented to the record. Accordingly, the circuit court's adjudication of petitioner was erroneous, and it further lacked jurisdiction to terminate petitioner's parental rights to A.H.

For the foregoing reasons, we vacate the circuit court's January 25, 2022, order terminating petitioner's parental rights and further remand the matter for the entry of an adjudicatory order with detailed findings of fact and conclusions of law sufficient to support adjudication, if appropriate, and for further proceedings consistent with the applicable statutes and rules. The Clerk is hereby directed to issue the mandate contemporaneously herewith.

Vacated and remanded, with direction.

3

**ISSUED**: August 31, 2022

**CONCURRED IN BY**:

Chief Justice John A. Hutchison
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice William R. Wooton
Justice C. Haley Bunn